**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **V.** | : | **CRIMINAL NUMBERS 04-278 & 04-552** |
| | : | |
| | : | |
| **JERMAINE DEMETRIUS ANDERSON** | : | |


**O R D E R**

    **AND NOW**, this      day of April, 2005, in consideration of the Defendant's Motion

for Downward Departure and the government's response thereto, it is hereby **ORDERED** that

the motion is **GRANTED**.

    The court makes the following findings in support of this downward departure.

    1.    The downward departure is warranted pursuant to U.S.S.G. § 5G1.3, Application

Note 4 and U.S.S.G. § 5K2.23.

    2.    The sentence imposed advances the purposes of sentencing by: (1) providing just

punishment given the seriousness of the offense; (2) promoting respect for the law; (3) affording

adequate deterrence to criminal conduct; (4) protecting the public from further crimes by the

defendant; and (5) providing the defendant with vocational training and educational training

while serving his sentence.

    3.    The downward departure is justified by the facts of the case. The court has

considered the seriousness of the offense. The court has considered mitigating factors including

the fact that the defendant has already served a five to twenty-three months county sentence

based on the same conduct for which he received a two level upward adjustment pursuant to

U.S.S.G. § 3C1.2.

       4.      The departure does not effectively decrease the guideline range but rather accounts for the jail credit lost as a result of the prior state conviction on C.P.# 02-05-1058 in Philadelphia, Pennsylvania.  The court incorporates by reference the statement of reasons required by 18 U.S.C. § 3553 (c) as detailed in the Judgment Order issued in this case.

       It is so **ORDERED**.

                    BY THE COURT:

                    _____

                    THE HONORABLE PAUL S. DIAMOND
                    United States District Court Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PHILADELPHIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **V.** | : | **CRIMINAL NUMBERS 04-278 & 04-552** |
| | : | |
| | : | |
| **JERMAINE DEMETRIUS ANDERSON** | : | |

**DEFENDANT'S SENTENCING MEMORANDUM
AND MOTION FOR DOWNWARD DEPARTURE**

Jermaine Demetrius Anderson, by his attorney, David M. Kozlow, Assistant Federal

Defender, submits this memorandum in mitigation at sentencing and moves for a downward

departure.

## I.    Factual and Procedural History

On January 14, 2004, Mr. Anderson pleaded guilty to both of the above captioned

Indictments.  The two Indictments were consolidated for guilty pleas and sentencing.  In

Superceding Indictment Number 04-278, Mr. Anderson is charged with two counts of possessing

and passing counterfeit currency in violation of 18 U.S.C. § 472.  In Indictment Number 04-552,

Mr. Anderson is charged with one count of identity theft in violation of 18 U.S.C. § 1028 (a)(7).

The identity theft case was originally charged in state court in Philadelphia.  However, the fraud

charges were dismissed and the case went to trial on assault and recklessly endangering another

person.  The evidence presented suggested that during the attempted fraud offense Mr. Anderson

fled in a Lincoln Navigator.  A police detective attempted to stop Mr. Anderson and received

minor injuries when he came into contact with the Navigator.  It was a bench trial.  Mr. Anderson

was found guilty of simple assault and recklessly endangering another person, both of which are

misdemeanors under state law.  He was acquitted of a more serious felony charge.  On October

23, 2002, he was sentenced to 5 to 23 months in custody. He served 5 months.

The facts of both federal cases are explained in paragraphs 8 through 18 of the presentence investigation report (hereinafter "PSR"). Mr. Anderson was brought into federal custody from Connecticut. He is on a writ because he has open state charges in Stamford, Connecticut.

## II.  Personal History

_____Demetrius Jermaine Anderson is twenty-nine year old man who was born in Philadelphia, Pennsylvania. His mother was a drug abuser. His father did not participate in raising him. He was sent to live with this aunt because of his mother's drug problems . Later he was sent to foster care because of his aunt's physical impairments. Mr. Anderson has one child, Tamir Freeman. Tamir lives with his mother. Mr. Anderson provides voluntary support for his son.

Mr. Anderson has had problems with drug abuse. He aspires to become drug free. Mr. Anderson graduated from high school and has earned some college credits.

## III.  Sentencing Guidelines

_____The defense objects to paragraph 27 because the offenses in both Indictments group.

U.S.S.G. § 3D1.2 (d) states; in pertinent part:

> All counts involving substantially the same harm shall be grouped together into a single Group. Counts involve substantially the same harm within the meaning of this rule:
> . . .
> (d)  When the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure of aggregate harm, or if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior.

Offense covered by the following guidelines are to be grouped under this subsection:

§§2B1.1, 2B1.4, 2B1.5, 2B4.1, 2B5.1, 2B5.3, 2B6.1;

. . .

For multiple counts of offenses that are not listed, grouping under this subsection may or may not be appropriate; a case-by-case determination must be made based upon the facts of the case and the applicable guidelines (including specific offense characteristics and other adjustments) used to determine the offense level.

Exclusion of an offense from grouping under this subsection does not necessarily preclude grouping under another subsection.

Id. (emphasis added).

The offense levels in both instant Indictments are determined largely on the basis of the total amount of loss. U.S.S.G. §§ 2B1.1 and 2B5.1 are specifically listed as guidelines that are to be grouped under subsection (d). Therefore, the offenses group. The probation department relies on United States v. Rudolph, 137 F.3d 173 (3ʳᵈ Cir. 1998), to support its position that the offenses do not group. However, Rudolf did not involve offense levels "determined largely on the basis of the total amount of harm or loss" but rather relied on the last disjunctive clause involving ongoing or continuous behavior. Id. at 180. Rudolf is inapposite and does not control. Paragraphs 41, 42, 43, 44, 45, 46, 48, 50 and 85 are incorrect.

The defense objects to paragraph 32 because application of U.S.S.G. § 3C1.2[1] would violate the principles articulated in Blakely v. Washington, 124 S.Ct. 2531 (2004). Mr. Anderson was not charged with this conduct in the indictment and he did not waive a jury trial regarding this conduct. The two level adjustment should be deleted. If, arguendo, U.S.S.G. § 3C1.2 were

---

[1] U.S.S.G. § 3C1.2 states:

If the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, increase by 2 levels. Id.

applied, then U.S.S.G. § 5G1.3 (b)[2] would require that the sentence for the instant offense be concurrent with the 5 to 23 months imposed by the Common Pleas Court for recklessly endangering another person and simple assault on C.P.#02-05-1058.  However, since Mr. Anderson has already completed the custodial portion of that sentence, this court is authorized to depart downward pursuant to U.S.S.G. § 5G1.3, Application Note 4.  See also U.S.S.G. § 5K2.23.  Paragraphs 33, 46, 48, 50 and 85 are incorrect.

Paragraph 85 should reflect that the total offense level is a 12 and the criminal category history is III.  The sentencing guideline range should be 15 to 21 months.  If, arguendo, U.S.S.G. § 3C1.2 applied, then the total offense level would be 13 and the criminal history category would

---

[2]  U.S.S.G. § 5G1.3 states:

(a)     If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

(b)     If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:

(1)     the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

(2)     the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

(c)     (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

Id.

be III.  The guideline range for imprisonment would be 18 to 24 months.

## IV.    **Other Sentencing Factors**

In United States v. Booker, ___U.S. ___, 125 S.Ct. 738 (2005), the Supreme Court ruled

that the United States sentencing guidelines were unconstitutional because they required

mandatory judicial fact finding that violated the Sixth Amendment to the United States

Constitution.  The Court rectified this problem by severing the portion of 18 U.S.C. § 3553(b)

that made the guidelines mandatory.  The Court also struck down a portion of the statute that

dealt with appellate review and replaced it with a standard of review of reasonableness.  The

Court directed sentencing courts to consider the guidelines and enumerated statutory factors

when deciding what sentence to impose.  See also, e.g., United States v. Ordaz, ___ F.3d ___,

2005 WL 418533 (3rd Cir. February 23, 2005); United States v. Crosby, 397 F.3d 103 (2nd Cir.

2005); United States v. Hughs, 396 F.3d 374 (4th Cir. 2005); United States v. Smith, ___F.Supp.

2d ____, 2005 WL 549057 (E.D. Wis. March 3, 2005).

18 U.S.C. § 3553(a) requires courts to "impose a sentence sufficient, but not greater than

necessary, to comply with the purposes set forth in paragraph 2."  Section 3553(a)(2) states that

such purposes are:

> (A)    to reflect the seriousness of the offense, to promote respect for the
>        law, and to provide just punishment for the offense;
> (B)    to afford adequate deterrence to criminal conduct;
> (C)    to protect the public from further crimes of the defendant and
> (D)    to provide the defendant with needed educational or vocational
>        training, medical care, or other correctional treatment in the most
>        effective manner.

Section 3553(a) also instructs sentencing courts to consider: (1) the nature and

circumstances of the offense and the history and characteristics of the defendant; (3) the kinds of

sentences available; (4) the sentencing range established by the guidelines; (5) any pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

1. **Nature and Circumstances of the Offenses and History and Characteristics of Offender**

**(A) Nature of Circumstances of Offenses**

In determining the appropriate sentence for Mr. Anderson the court must consider the nature and circumstances of the offenses. 18 U.S.C. § 3553 (a)(1). Mr. Anderson pleaded guilty to both Indictments. The facts of the case show that Mr. Anderson was involved in nonviolent fraud type offenses. He has already been punished in state court for the conduct relating to his flight in the Navigator when the detective suffered minor injuries.

**(B)   History and Characteristics of Mr. Anderson**

Mr. Anderson is a twenty nine year old man who was born in Philadelphia, Pennsylvania. He had a very difficult childhood. His mother abused drugs. He was sent to a foster home.

Mr. Anderson has had problems with marijuana and cocaine. Upon release from prison he looks forward to being drug free. Mr. Anderson completed high school. He hopes to earn his college degree. He has a decent work ethic but limited work experience. He is very motivated to become employed. Other than the related misdemeanor assault case, Mr. Anderson has one prior criminal conviction for a criminal attempt involving access device fraud. He has no prior convictions for offenses involving weapons.

6

## 2.    __The Need for the Sentence Imposed to Promote Future Lawful Conduct__

The Court must consider the need for the sentence imposed to (A) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (B) afford adequate deterrence to criminal conduct; (C) protect the public from further crimes of the defendant, and (D) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). Notably, too, the sentence imposed must be sufficient, ***but not greater than necessary*** to comply with these purposes. 18 U.S.C. § 3553(a)(emphasis added).

Mr. Anderson is facing a significant amount of time in jail. He is also facing a potential Connecticut sentence that will not be concurrent with the instant federal sentence. This is because the federal sentence will operate as a detainer and will not begin until Mr. Anderson is released from any sentence imposed by Connecticut.

By the time Mr. Anderson completes both state and federal sentences and is placed on supervised release he will have paid his debt to society. He is extremely motivated to become a law abiding citizen and has made a sincere commitment against recidivism. His aspirations include being a role model to his son. He does not want him to make the same mistakes he has.

## 3.    __Kinds of Sentence Available__

The court must also consider "the kinds of sentence available." 18 U.S.C. § 3553(a)(3). In Booker, the Supreme Court severed and excised 18 U.S.C. § 3553(b), the portion of the federal sentencing statute that made it mandatory for courts to sentence within a particular sentencing guidelines range. This makes the guidelines advisory. The kinds of sentences available include imprisonment, supervised release, restitution and fines. The defense is not

requesting probation in this case. The defense requests that any fine be waived based on Mr. Anderson's impecunious personal circumstances.

### 4. The Need to Avoid Unwarranted Disparities

The Court must consider the sentencing guidelines and policy statements that the Sentencing Commission has established for "the applicable category of offense committed by the applicable category of defendant." 18 U.S.C. § 3553(a)(4) and (5). The Court also shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Mr. Anderson has already been convicted and sentenced in state court for the same conduct the guidelines seek to use to enhance his federal sentence. Moreover, Mr. Anderson is facing a sentence in Connecticut that will not run at the same time as the federal sentence.

## V. Basis for Downward Departure

Although <u>Booker</u> permits this court to consider a sentence below the guidelines based on non guideline factors, there are specific guidelines factors that apply to authorize a downward departure if U.S.S.G. § 3C1.2 is applied. Mr. Anderson has already served 5 to 23 months on a related state court case. The conduct in that state case is the basis for the U.S.S.G. § 3C1.2 adjustment. U.S.S.G. § 5G1.3, Application Note 4 states:

> <u>Downward Departure Provision:</u> In the case of a discharged term of imprisonment, a downward departure is not prohibited if the defendant (A) has completed serving a term of imprisonment; and (B) subsection (b) would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense. <u>See</u> §5K2.23 (Discharged Terms of Imprisonment).

<u>Id.</u> U.S.S.G. § 5K2.23 states:

A downward departure may be appropriate if the defendant (1) has completed serving a term of imprisonment; and (2) subsection (b) of § 5G1.3 (Imposition of a Sentence on a Defendant Subject to Undischarged Term of Imprisonment) would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense. Any such departure should be fashioned to achieve a reasonable punishment for the instant offense.

Id. Both of these provisions allow the court to depart from the guidelines to account for the five months Mr. Anderson has already served for relevant conduct that is being used to increase his federal guidelines range. A downward departure of five months is authorized and appropriate to avoid double punishment for the same conduct.

**VI.    Conclusion**

Mr. Anderson has accepted responsibility for his offense conduct. He is very motivated to turn his life around and become a law abiding citizen. He is facing a Connecticut sentence that will not run at the same time as the federal sentence. The defense respectfully requests a custodial sentence of not more than one year and one day.

Respectfully submitted,


DAVID M. KOZLOW
Assistant Federal Defender

# CERTIFICATE OF SERVICE

I, David M. Kozlow, Assistant Federal Defender, Defender Association of Philadelphia, Federal Court Division, hereby certify that I have served copies of the Defendant's Sentencing Memorandum and Motion for Downward Departure, upon Albert S. Glenn, Assistant United States Attorney and Linwood C. Wright, Jr., Assistant United States Attorney, by electronic notification to their offices located at 615 Chestnut Street, Suite 1250, Philadelphia, Pennsylvania 19106.


_____
_____DAVID M. KOZLOW
Assistant Federal Defender


DATE:        April 13, 2005